

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2010

# In Re: Dennis John Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-2560

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Dennis John Campbell " (2010). *2010 Decisions.* Paper 769.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/769

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-246                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2560
_____

IN RE: JOHN CAMPBELL,
Petitioner


_____

On Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civil Action No. 08-cv-01867)
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil Action No. 09-cv-00453)

_____

Submitted Under Rule 21, Fed. R. App. P.
July 15, 2010
Before:  FUENTES, JORDAN AND HARDIMAN, Circuit Judges

(Opinion filed August 11, 2010 )

_____

OPINION
_____

PER CURIAM

Dennis John Campbell seeks a writ of mandamus compelling the United States

District Court for the Eastern District of Pennsylvania to, inter alia, transfer his case to the

United States District Court for the Middle District of Pennsylvania so that it may be

consolidated with a case pending in that Court.  For the reasons that follow, we will deny

the petition.

In October 2008, Campbell filed a pro se complaint in the United States District Court for the Middle District of Pennsylvania raising claims pursuant to the Freedom of Information Act and the Privacy Act. (See M.D. Pa. Civ. No. 08-cv-01867.) Upon review of the complaint, the Court determined that venue was not appropriate in the Middle District and transferred the complaint to the Eastern District of Pennsylvania, which asserted jurisdiction over the case. (See E.D. Pa. Civ. No. 09-cv-00453.) In a March 9, 2010 order, the Court granted the Social Security Administration's motion for summary judgment and closed the case. Campbell has filed an appeal of that order in this Court. (See C.A. No. 10-2255.)

Despite his pending appeal, Campbell seeks a writ of mandamus compelling the Eastern District to either transfer his case back to the Middle District, or consolidate it with another case that he has filed against the Social Security Administration in the Eastern District. Campbell also asks us to review the Middle District's venue determination as well as the Eastern District's decision to assert jurisdiction over the case and subsequent alleged refusal to consolidate it with a related case in the Eastern District. Lastly, Campbell seeks review of the Eastern District's summary judgment ruling.

A writ of mandamus is an extraordinary remedy. See In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). The petitioner must have no other adequate means to obtain the relief desired and the petitioner must show a "clear and indisputable" right to the writ.

2

See Kerr v. United States District Court, 426 U.S. 394, 403 (1976).  In particular, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ.  See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997).

As mentioned, Campbell has an appeal of the Eastern District's March 9, 2010 order granting summary judgment in favor of the Social Security Administration pending in this Court.  In that appeal, Campbell may seek review of that determination as well as any of the District Court's previous rulings, including its alleged refusal to consolidate the case at issue here with another matter.[1]  To the extent that Campbell also seeks review of the Eastern District's decision to exercise jurisdiction over the case in light of the Middle District's venue determination, he may also raise that issue on appeal.

Because Campbell has not demonstrated that he is without other adequate means for relief, see Kerr, 426 U.S. at 403, mandamus relief is not appropriate and we will deny his petition.

_____

[1] It does not appear that Campbell ever filed a motion to consolidate.